UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH ROSE, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:18-CV-01568-RLW |
| ) | |
| v. ) | |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

To protect personal, confidential, sensitive, and private information of the parties, their former and current employees and agents, and victims and suspects in unrelated criminal matters, the parties hereby agree that this Protective Order shall govern the disclosure of all material during the course of this matter (the "Litigation") as follows:

1. The parties agree that a Protective Order is necessary in this cause to facilitate the exchange of documents and other materials between the parties.

2. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written material, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoena in the Litigation by any party or non-party (hereafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

3. While not exhaustive, the parties generally agree that the identification of materials as "Confidential" is intended to protect material that is not already publicly available and that includes sensitive information, personally identifiable material, or material that the party

1

reasonably believes should not be disclosed publicly in order to protect an individual's privacy rights.

4. Where a party reasonably believes that discovery material is particularly sensitive (*e.g.*, including but not limited to material that, if released, could jeopardize the safety of law enforcement personnel, material related to ongoing criminal or internal affairs investigations, or material that, if released, could jeopardize an individual's safety), any such discovery materials may be designated by a producing party or non-party as "Attorneys' Eyes Only" under this Protective Order.

5. In light of the public interest, all parties will act in good faith and will limit the identification of documents and other discovery materials as "Confidential" or "Attorneys' Eyes Only" only for good cause. The party making a designation of "Confidential" or "Attorneys' Eyes Only" shall do so based on specific information contained in the produced material. No party will, without good cause and justification, automatically designate entire categories of documents as "Confidential" or "Attorneys' Eyes Only."

6. Any Discovery Materials that are to be designated "Confidential" or "Attorneys Eyes Only": (a) may be so designated by the producing party or non-party by providing copies of the Discovery Materials stamped with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (notwithstanding any typographical settings); or (b) by Order of the Court on motion of any party or non-party; or c) by notifying all parties in writing and with particularity which specific discovery materials produced are designated "Confidential" or "Attorneys' Eyes Only" pursuant to this Order. Upon designation of a document as "Confidential" or "Attorneys Eyes Only," if the designating party believes the confidentiality designation could be removed if certain specific information is redacted, the party shall indicate in writing what information in the document they

believe could be redacted to remove the "Confidential" or "Attorneys Eyes Only" designation from the document. Upon the request of any party, the designating party shall provide an explanation as to why material was marked "Confidential" or "Attorneys Eyes Only."

7. Where the non-producing party has no objection to the designation of the identified material as "Confidential" or "Attorneys' Eyes Only" the parties agree that the document may be used as described in paragraphs 9-13 below. Alternatively, the non-producing party may, only upon written agreement of the parties, redact from the document agreed-upon portions of material identified as "Confidential" or subject to "Attorneys Eyes Only" review. The parties agree that any such agreed-upon redacted version of the document may then be used as if the "Confidential" or "Attorneys Eyes Only" designation has been withdrawn.

8. Where the non-producing party objects to the identification of material as "Confidential" or "Attorneys' Eyes Only," the parties agree they will meet and confer in a good faith effort to resolve the disagreement. If the parties are able to come to an agreement regarding what material should be considered confidential or limited to attorneys' eyes only, the document may be used as described in paragraphs 9-13 below, or alternatively may be redacted pursuant to the agreement of the parties. However, if the parties are unable to resolve their disagreement regarding the propriety of the "Confidential" or "Attorneys' Eyes Only" designation, the parties will treat the material as "Confidential" or "Attorneys' Eyes Only" (whichever is designated) pending resolution of the parties' dispute by the Court. The producing party or non-party bears the burden of persuading the Court that the material is in fact "Confidential" or "Attorneys' Eyes Only" material and is entitled to the protections associated therewith consistent with the intent of this Order.

9. If it becomes necessary to file Discovery Materials that contain "Confidential" or

"Attorneys' Eyes Only" material with the Court, the party seeking to file those Materials may move the Court for an order that the Materials be received and maintained by the Clerk under seal pursuant to E.D.Mo. L.R. 13.05. Alternatively, as described in paragraphs 7 & 8 above, the parties may submit agreed-upon redacted copies of the materials without seeking leave to file under seal.

10. "Attorneys' Eyes Only" material shall only be disclosed to attorneys of record in this case or experts in the case who need to review the material for purposes of their expert report or testimony, provided that such individuals are first advised of their confidentiality obligations under this protective order. "Confidential" material may be disclosed only to the following persons:

    a. The Court and court personnel;

    b. Individuals providing court reporting services, copying services or other clerical support that are engaged by the parties or the Court for purposes of this Litigation;

    c. The lawyers of record for a party, including paralegals, legal staff, law students, and other attorneys working with or on behalf of a party provided that such individuals are first advised of their confidentiality obligations under this protective order;

    d. Consultants and experts and the principals and employees of those consultants and experts that assist the expert or consultant with his or her work in this Litigation;

    e. The named parties to the action;

    f. Any witness(es) who may be deposed during this action, during their depositions, provided that such witness(es) are first advised of their

confidentiality obligations under this protective order; and

    g.    An employee or agent of the party or non-party producing such "Confidential" material, so long as the party or non-party producing the "Confidential" material has authorized its agent or employee to receive such material.

11.    Persons described in Paragraph 10(c) shall be deemed bound by the terms of this Order upon its entry by the Court. With regard to Paragraph 10(c), if more than one attorney, law firm, entity, or solo practitioner appears in this case as counsel for a party, each such attorney, law firm, entity, or solo practitioner shall execute this Protective Order or an addendum stating that they agree to be bound by the terms of this Protective Order. Only those outside counsel who have executed this Protective Order or an addendum agreeing to be bound by this Protective Order may receive "Confidential" or "Attorneys' Eyes Only" material.

12.    A party disclosing "Confidential" or "Attorneys' Eyes Only" material to an expert or consultant described in paragraph 10(d) must first (i) advise the recipient such material is confidential and may only be used in connection with this action; and (ii) provide the recipient with a copy of this Order.

13.    Counsel for a party may disclose "Confidential" or "Attorneys' Eyes Only" material to an actual or potential witness not otherwise identified above, provided counsel has obtained consent of the party or non-party who produced such material. However, this consent is not required if (i) the person is an author or recipient of the "Confidential" material as identified on the face of the document; or (ii) the person is a former employee of the producing party or non-party and is known with certainty to have prior knowledge by virtue of employment with the producing party or non-party of the specific "Confidential" or "Attorneys' Eyes Only" material to

be disclosed. Nothing in this paragraph prevents a party from disclosing redacted documents to witnesses, consistent with paragraphs 7 & 8 above.

14. Inadvertent production of or failure to designate any material as "Confidential" or "Attorneys' Eyes Only" shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such material, and the producing party or non-party may thereafter designate such material as "Confidential" or "Attorneys Eyes Only" as appropriate. The receiving party must treat such material as confidential from the date designation is received, except as outlined in paragraphs 7 & 8 above. Disclosure, prior to the receipt of designation, of such material to persons not authorized to receive "Confidential" or "Attorneys' Eyes Only" material shall not be deemed a violation of this Order. However, after receipt of designation, the receiving party must immediately take reasonable steps to retrieve all such material that is in the possession or control of persons not authorized to receive "Confidential" or "Attorneys' Eyes Only" material.

15. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness, of documents, material, or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

16. Any discussion in a deposition or transcript of a document previously designated as "Confidential" or "Attorneys' Eyes Only" shall automatically be considered designated with the same treatment as the underlying document without further designation, except that redacted versions of such documents may be treated as if they do not have such a designation as outlined in paragraphs 7 & 8 above.

17. "Confidential" material, or documents designated as "Attorneys' Eyes Only," shall be used solely for the purposes of the Litigation between the parties and shall not be used in any

other litigation, arbitration, or mediation. However, (i) any case that has been combined with this Litigation for purposes of discovery, (ii) any arbitration compelled as to any claim in this action, or (iii) any case arising from the same underlying incident at issue in this case, shall not be considered a separate action such that the use of "Confidential" or "Attorneys' Eyes Only" material is precluded in such action.

18. "Confidential" or "Attorneys' Eyes Only" material shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to conduct this Litigation. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of such material is made does not reproduce the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" stamp appearing on the original, all copies shall be stamped with the correct designation.

19. All copies of "Confidential" material shall be kept under the control of person(s) described in paragraph 10 (a) through (g) above to whom the same is produced. "Attorneys Eyes Only" material shall be retained only in the custody of the respective counsel of record, within the confines of his/her personal offices, in a secured manner, except as is necessary to conduct the present litigation.

20. No material obtained under this Order shall be added to any electronic database (other than a law firm's electronic filing management software) for any other purpose than the manipulation of data for this action; however, all material obtained or derived therefrom shall be eliminated from the database as soon as is permitted by Missouri Supreme Court Rule 4-1.22 or as soon as is otherwise permitted by law.

21. As soon as is permitted by Missouri Supreme Court Rule 4-1.22 or as soon as is otherwise permitted by law, anyone possessing "Confidential" or "Attorneys Eyes Only" material

7

shall make all reasonable efforts to either return or destroy all documents, images or other media containing "Confidential" material, and all duplicates thereof.

22. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

   a. operate as an admission by any party that any particular documents or material contain private, medical, sensitive, and/or personal material; or

   b. prejudice in any way the right of a party at any time:

      i. to seek a determination by the Court of whether a particular document or piece of material should be subject to the terms of this Order;

      ii. to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document or piece of material;

      iii. to object to any discovery request, including the right to assert that no discovery should be had of certain material; or

      iv. to seek documents or other material from any source.

23. The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege, attorney work-product protection, or common interest privilege that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

24. The parties shall return any privileged material inadvertently disclosed immediately upon notice of the disclosure.

25. This Order shall not affect the right of any party or non-party to oppose production

of Discovery Materials on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

26. Nothing in this Order shall prejudice the right of any party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Materials or to seek modifications of or relief from any provision of this Order upon due notice to all other parties and affected non-parties.

27. This order expires six years after completion or termination of the attorney's representation of the client(s) as provided by Rule 4-1.22.

It is SO ORDERED.

_Ronnie L. White_

Judge

_November 12, 2019_

Date