UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1568 RLW |
| | ) | |
| CITY OF ST. LOUIS, etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Plaintiff has, of course, opposed the individual defendant officers' motion to dismiss the third amended complaint.  See ECF 114, 117, 118, 126.  Defendants are obliged to reply.

**1.     This Court can properly consider the exhibits previously proffered by plaintiff's earlier complaints, as they are part of the record herein and should be part of the plausibility analysis required by *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).**

Plaintiff argues that the Court should turn a blind eye to the exhibits injected into the record by plaintiff, particularly the extensive portions of the record in the *Ahmad* case.  Plaintiff cites to *Jones v. City of Cincinnati,* 521 F.3d 555 (6th Cir. 2008).  That case was decided before *Iqbal.*  Defendants' position, quite simply, is that, in assessing whether plaintiff's latest amended complaint states a claim negating qualified immunity depends on whether it has facial plausibility.  In making that determination, this Court can consider alternative explanations for alleged conduct, and, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 679.

Surely the plausibility determination compels this Court to consider the entire record in assessing plaintiff's amended complaint. That record includes the exhibits heretofore proffered by plaintiff.

**2.  The effort to implead dozens of supervisory officers who admittedly had absolutely no contact with plaintiff and cannot be alleged to have been aware of plaintiff's arrest or of any unconstitutional mistreatment of plaintiff must fail.**

Defendants will not rehash their arguments concerning plaintiff's inadequate and implausible attempt to impose liability on some 50 supervisory officers who were at Tucker and Washington on September 17, 2017, when plaintiff was arrested.[1]  Instead, defendants call to the Court's attention the opinion in *Street v. O'Toole*, No. 4:19 CV 2590 CDP, 2021 U.S. Dist. LEXIS 31856 (E.D. Mo. Feb. 22, 2021).  In that case, the Court (Perry, J.) recognized that a plaintiff may not implead scores of police officers on a theory of guilt by association, supported only by threadbare and formulaic allegations of violations of constitutional rights.  While defendants take issue with portions of the opinion in *Street*, there can be little doubt that the dismissal of the officers who had no personal role in either the decision to arrest the crowd of which plaintiff was a part or in direct use of force on any individual plaintiff arrestee, was eminently sound and should be adhered to by this Court.  In this respect, *Street* is entirely consistent with *Quraishi v. St. Charles County,* 986 F.3d 831 (8th Cir. 2021):  a plaintiff must

---

[1] Plaintiff alleges that defendants Kiphart and Burle sprayed Plaintiff.  ECF 114, ¶¶170, 172.  Defendant Gaddis' involvement was line to plaintiff up against a building with others after he had been arrested and handcuffed (zip-tyed).  ¶167. Defendant Boyher is alleged to have harassed plaintiff by speaking to him harshly. ¶180. Obviously, these are allegations of direct personal involvement of these defendants with Plaintiff's arrest.  However, the conduct alleged is not so plainly violative of constitutional rights that these defendants are not entitled to qualified immunity *Shelton v. Stevens,* 964 F.3d 747 (8th Cir. 2020).  Furthermore, assuming that plaintiff seeks to plead a deliberately indifferent denial of medical care by any of the defendants, see ECF 106 ¶¶110ff., the opinion in *Street v. O'Toole,* supra, likewise disposes of that claim.

2

prove that each individual officer, by his own individual actions, has violated the Constitution, citing *Iqbal.*

Even assuming the plaintiff's arrest was unlawful, the *de minimis* use of force against him does not afford an independent basis to recover damages against any defendant. Contrary to plaintiff's argument, the excessiveness of force used in an arrest does not turn on whether the arrest was without probable cause or arguable probable cause. In other words, use of force on an arrestee whose arrest is unlawful is not *per se* excessive force. See *Habiger v. City of Fargo*, 80 F.3d 289, 298 & n. 8 (8th Cir. 1996)(per White, J.). Certainly handcuffing, without significant injury, is not excessive force as a matter of law, regardless of the legality of the arrest. So aside from other defects, plaintiff's latest amended complaint founders insofar as it seeks to recover from the individual defendant officers for the use of excessive force.

**3.     The intracorporate conspiracy claim as alleged by plaintiff must fail on the basis of qualified immunity.**

The judges in this district are divided on the issue of the application of qualified immunity to a claim based on intracorporate conspiracy. Compare *Street v. O'Toole*, No. 4:19 CV 2590 CDP, 2021 U.S. Dist. LEXIS 31856 (E.D. Mo. Feb. 22, 2021), with *Baude v. City of St. Louis*, 476 F. Supp. 3d 900, 916 (E.D. Mo. 2020). If judges cannot agree about the state of the law, it is difficult to discern how police officers are supposed to know that what they are doing is a constitutional violation. Cf. *Ashcroft v. al-Kidd,* 563 U.S. 731, 743 (2011)(noting the government officer not plainly incompetent when eight appellate judges agreed with his view of the law in a case of first impression). The conspiracy claims must be dismissed on the basis of qualified immunity (federal) and official immunity (state).

3

**4.     The state law claims of abuse of process and malicious prosecution, at a minimum, should be dismissed.**

Defendants adhere to their position that plaintiff's state law claims should be dismissed. Certainly in light of *Street v. O'Toole,* supra, plaintiff's claims of abuse of process and malicious prosecution should not survive.

**5.     The Court should decline to exercise supplemental jurisdiction over plaintiff's novel City Charter theory.**

Again, defendants call the Court's attention to *Street v. O'Toole,* supra.   In that case, the Court analyzed the plaintiff's novel City Charter theory and declined to exercise supplemental jurisdiction: "This Court is not the proper forum to litigate complex and unsettled questions of state law preemption over obscure municipal ordinances." LEXIS *41.

Conclusion

For the foregoing reasons, the third amended complaint should be dismissed with prejudice (or without prejudice as to count XI).

<div style="margin-left: 3em;">
Respectfully submitted,<br>
MICHAEL A. GARVIN<br>
CITY COUNSELOR<br>
 /s/ Robert H. Dierker<br>
 Robert H. Dierker 23671(MO)<br>
 Deputy City Counselor<br>
 dierkerr@stlouis-mo.gov<br>
 Brandon Laird 65564(MO)<br>
 Abby Duncan 67766(MO)<br>
 Associate City Counselors<br>
 Adriano Martinez 69214(MO)<br>
 Catherine A. Dierker 70025(MO)<br>
 Assistant City Counselors<br>
 1200 Market St.<br>
 City Hall, Rm 314<br>
 St. Louis, MO 63103<br>
 314-622-3361<br>
 Fax 314-622-4956
</div>

ATTORNEYS FOR DEFENDANTS